11-12-53 Outside The Box v. Travel Caddy Mr. Nelson, you may begin when you're ready. Thank you, Your Honor. Good afternoon. What we're seeking is a remand to have the preliminary injunction motion that we had denied reviewed in full so that we can discuss with the judge the correct application of some claim terms. So the case boils down, frankly, to two issues in terms of the language of the claims. The first relates to Claim 19 of the 104 patent and whether the word between or the words joined between were properly interpreted as a matter of law by the judge. And this relates to one product, a product called the Plumber's Tote. The second issue relates to whether the court, having given an appropriate definition, misapplied that definition as a matter of clear error. That relates to Claim 26 of the 104 patent. So I'd like to discuss those briefly in serial order. There were two other issues that were referenced in the briefs, as you know. One is whether it's appropriate to remand for the preliminary injunction hearing and the application of the continuous binding, which was actually tied into the definition of the flexible fabric panel, that Claim 26 clear error issue that we suggest is appropriate here. Could you help me on this second interpretation? It seems to me that your main argument is claim differentiation there, relying on the existence of Claim 27, which talks about Claim 26 with a reinforcing member. And you say that because of that reference in Claim 27 of the reinforcing member, having a reinforcing panel is obviously not inconsistent with Claim 26. And the problem that I'm having with that is that it doesn't refer to a reinforcing panel, it refers to a member. And in some of the figures, the drawings, at least for the preferred embodiment, show a slat. And then it's described as a slat. So why shouldn't we construe Claim 27 when it refers to a reinforcing member to refer to the slat that's described in the specification and shown in the figures? Well, first of all, the term slat is not part of the claim. It's a reinforcing member. And in the specification, the term slat, or the term rod is another term that's included in the spec, were given as examples of reinforcing members. And the spec also teaches that the function of it, the function of that element, is to provide, in essence, reinforcement. But the fact is, we have not done away with the flexible fabric material. The claim still requires that there be a flexible fabric panel. It doesn't say that it's a flexible fabric wall, it says a flexible fabric panel. And if you look at Claim 26, it starts out to talk about a fabric-covered first end panel. Then it goes on and describes that end panel. And it also describes a second fabric-covered end panel. And it goes on further to call for a fabric-covered bottom panel. I understand that. But if you look, for example, at Figure 9, with this slat, which is labeled 109, in the front panel there, the panel is still flexible because the slat only reinforces the top part of the panel. So, why isn't the normal reading of this to say that the panel has to be generally flexible, but it can be reinforced at the top? But the claim doesn't say that, Your Honor. The claim says, a flexible fabric panel. The Figure 9 is exemplary of one of multiple embodiments. Wouldn't a flexible fabric panel normally indicate to you that the wall was flexible? No. Not at all? No. Not at all? Why not? Why not? Because we didn't claim a wall, we claimed a panel. We claimed a flexible fabric panel. Then we claimed that there's an insertion of a reinforcing element in it. Figure 9 discloses, I think it's actually items 107 and 103, slats as exemplary reinforcing elements. But there's no prohibition in the claim as to the size, dimension, shape, and so on, of the reinforcing element. So, and in fact, in the specification it's taught that what you have in practice is two fabric panels on many occasions, and you insert a reinforcing member there between. But the key feature is in Claim 26, you must have a flexible fabric panel on the front and back panels of that particular claim device. By the way, Claim 26 relates to what's called the electrician's bag, row number 2. Right. And the question is, why would you say that Claim 26 is directed to a flexible fabric panel? What's the point? Because, how does it change the character? Well, the argument would be that the other claim elements in 26 refer to fabric covered panels. That's correct. That are generally rigid. And if they wanted to have that same limitation for the front panel, for example, why wouldn't the inventor have said that? What the inventor says is that the front panel and the back panel are flexible fabric. What the inventor says is that the other panels, the end panels and the bottom panels, are fabric covered. Adjectives are provided to identify the construction. And the reason that the front panel and the back panel in Claim 26 are fabric is because later, at the end of the claim, it is taught that the fabric panels are bound by a continuous loop binding. And in order to effect that construction, which is what this is, it's a building block construction, where you start out with fabric panels and other panels, fabric covered panels, the essence of the end of the Claim 26 is the idea of using a binding to connect the panels. And in fact, it says at the end, the last phrase, a continuous closed loop binding, extending over fabric covering the bottom panel, the end panels, and the flexible panels, said binding stitched there too along the front and back edges and so on. The point being, you can have a construct within the scope of this claim which doesn't have a reinforcing member, and it's not like the cases cited in the briefs by Ampelie, where the character of the panel is being changed. It's not being changed. It's not a situation where the flexible fabric panel is being taken away. It's a situation where the flexible fabric panel remains as it is. But it's no longer flexible. You can't take a fabric panel, a flexible fabric panel, and make it inflexible. You can make the wall constructed by the panel inflexible. But a panel is part of a wall. It's like putting canvas on the wall of a plaster wall. The canvas is still a flexible material. You agree that in the accused device, the wall is inflexible. Wall? Yes. It doesn't appear in the claims, but a wall would be, if it's a composite, yes, it would be an inflexible item. It's not in the claims. It's a fabric panel. And the claim specifically states that. In that regard, there's no functional change to that flexible fabric panel. It's still a flexible fabric panel. It's still part of the... Frankly, when they make these things, they sew them together. And they have to use stitching to connect the fabric component parts together. So, the specification teaches this. That's column 3, line 15. That's where it begins. The expert, the expert of the Pele, confirmed that it was there. That's in the brief. That's in appendix 1092. And then, yes, claim 27 is a differentiation characteristic with respect to the use of a reinforcing element. Just out of curiosity, why didn't you sue on claim 27? It seems to me that... We did. You did? But you didn't seek a preliminary injunction on 27? No. Why isn't that a stronger claim for you? Actually, you're right. It is a good claim. Well, I mean, you don't have to... I'll tell you why. There were two electrician's bags. One didn't include the reinforcing element. The second one did. In purpose of appeal... Okay, that question really is... It made it simpler just to keep it. If you're finished with the flexible, I'd like to hear what you have to say on the between element. I'm finished. Well, in this case, we say it's an error of law because the judge has imposed an extra condition that the words extending between mean not extending beyond. And that's just wrong. There's no limitation in the spec or anywhere that says that the words between mean not extending beyond. Well, but what I think the judge was responding to principally is the common sense notion of the word between. If I say, for example, that I'm going into a parking lot where I am required to park between the yellow lines, I am not allowed to have my car extending over the yellow lines on either side of my parking place. Although we find that that's not always the case, of course. If it's not the case, I get a ticket because I wasn't between the lines, right? Right. But there's no, it's an open frame claim, open form claim. The word is comprising. And between, there's nothing in the file history, there's nothing in the specification which would suggest that there is that limitation. Again, the Applebee's expert looked at the application itself and looked at 5010 and drew the conclusion that there's no such limitation. And that's found in the appendix at 1148. I've looked at figure 10 and it has the two brads there. I didn't see anything that would suggest to me that those brads extend partially or entirely through the hard base of the bag as opposed to through some canvas or some other fabric or leather or whatever the bag is made of. And you didn't see the contrary either, I would suggest. No, no, neither. But that leads me to the conclusion that figure 10 doesn't cut either way. It doesn't teach you that there's a limitation. No, but it also doesn't, it isn't an embodiment that plainly includes the extension beyond the bottom of the end panels, right? Well, I would beg to differ with you in the context of what a person of ordinary skill in the arts said in the Applebee's expert, but I can understand your point. So in sum, though, the judge has added conditions to the plain language between or joined between and misapplied her own definition with respect to the flexible fabric. Now let me ask you this, at page 8395 there's a John Deere bag, is that a licensed bag of yours or is that an infringing? That's an infringing bag, like many, many. Okay. Yes. I was just curious about that, I saw that they were, the husky bag and so forth, that was curious. Alright, that's all I need to know, thank you. Actually, Mr. Nelson, we'll give you your rebuttal time back, so if you could, Judge Archer has a question, if you could stay at the podium please for a moment. Oh, I'm sorry. Thank you. I was interested in figure 4 of the patent, which shows how the pieces are put together and the binding on them. Then in discussing figure 10, it says all the reinforcing elements of figure 11 actually are sewn into and encapsulated by layers of fabric, which are sewn together as depicted in figure 10. And it seems like they're saying that they use the same kind of stitching and joining the fabric on all these examples. Your Honor. And figure 4 definitely shows all the layers of fabric being the same length. Well, there's no teaching in the patent that they're all the same length, but the point of figure 4 is to show that a binding is positioned around layers of fabric so that they can be stitched together. And frankly. How can that be if the fabric is of different lengths? Extending further out. Yeah, the fabric can easily come out and provide a series of layers of fabric that are stitched together by a binding. And that doesn't limit one way or the other the bottom panel, which is used in combination with the layers of fabric. And in fact, that's the way it's made. The fabric can come out and extend beyond the various solid or rigid panels and be stitched. The point of the invention was, frankly, the last phrase in all these claims. And that is the continuous closed loop binding. The construction and the mix of all the elements and to utilize flexible fabric in combination. But doesn't that argue about having the back panels and the bottom panel extending beyond the side panels? They can clearly extend beyond the panels because if they do, you can stitch the fabric together around those panels. And that's what's done. Thank you. Thank you, Mr. Nelson. We will restore your three minutes of rebuttal time. We asked a lot of questions. Mr. Ward. Distinguished members of the court, good afternoon. I'm constrained respectfully to disagree with my able colleague and former partner, Mr. Nelson. This is a fact appeal. Issue number one, I think, has been mischaracterized as somehow being an appeal on the law. But yet the judge there stated that her construction did not allow for certain things. Well, that means that's an infringement analysis, not infringement analysis. So that one, too, is a matter of fact, not a matter of law. I don't get it. I thought claim construction was a matter of law. We're dealing with claim construction here. I don't believe we are. I believe we're dealing with the application of the claim construction that is not contested before the court to the device. So that's a question of fact. And that's why this is a fact appeal. The claim construction per se, I don't believe, is being disputed by the other side in this case. But at any rate, counsel spoke of the doctrine of claim construction. I thought they were pretty contesting pretty much the between interpretation. What? I think they're talking about infringement there, not construction to be placed on a claim. But at any rate, if we take a look at claim differentiation, a notably weak doctrine in the first place, take a look at claim 27. It's clear that claim 27 does have a different scope from claim 26. We only need to look at claims 2 and 17 for that to be conclusive. Of course, as we know as patent lawyers and patent judges, the same term used in different claims is to be construed the same way. So if we look at claims 2 and 17, we see that it's quite clear that the reinforcing member is a different thing from the flexible or non-flexible panels. So claim 27 does have a different scope from claim 26. Quite frankly, the doctrine of claim differentiation here supports the appellee and not the appellant. Counsel's next point, I believe, was that somehow they're in a patent claim that requires some flexible panels and some rigid panels. Supposedly that can be made to read on the accused's device that has five identical panels and they're all rigid. So what they've done is they took the bag, cut it apart, flapped the fabric out and said and observed, well, fabric is flexible. Well, of course it is, but the panel wasn't flexible. And indeed, if you take their argument, arguendo, it's quite clear reductio ad certum that you're going to come up with, if you apply the same test to all five of these identical panels, now you've got five panels that are all flexible and the claim doesn't read for that reason. So the argument and also the interpretation that is sought here by travel caddy does violence to the reasons for allowance in the 992 patent. The 104 patent that's the subject of the proceeding here today is in essence the same patent because there's a terminal disclaimer in the case and there's a double patenting rejection. So you're really dealing with the same patents and the same reasons for allowance in the 992 where the patent office said, well, you've got to have some flexible panels and some rigid panels to have patentability here. The interpretation that you're trying to do here is to alleviate themselves from the position they took before the patent office in getting the patent. So the court should not allow that. When counsel's other point was that supposedly the bottom panel is between, somehow between the rigid end panels. And of course, I think counsel has it backwards. If my hands are the rigid end panels and this rostrum represents them, the top here represents that bottom panel. Counsel's argument is that these ends of this flexible panel are between the rigid panels of my hands. Well, it's quite the reverse. They're not between it. Another significant limitation. I'm not sure that counsel would say the ends of the lectern are between your hands, but I think he would say the lectern is between your hands. Well, I would have to disagree because something that's underneath something is not between it. Unless a pseudo-space, an interval, in the words of the district court, an interval, a pseudo-interval is defined beneath those end panels. Now, by the same logic... Well, I suppose part of the problem is we're dealing, unfortunately, with one of those prepositions that gets used pretty loosely. I would say that right now I am between Judge Dike and Judge Archer. And if I back up a foot or so, so that I'm not exactly on the line between the two of them, I would still say I'm between the two of them. It seems to me, just in common parlance, that's the sense in which one would use the word between. Near the top of that bag, you'll see the flexible panel curved inside, inside of that rigid panel. And that's what defines joined between. That's what joined between means in this context. If you look at Fig. 10, totally ambiguous. It doesn't teach you anything. If you look at the written specification about Fig. 10, that's about two inches long. That doesn't teach you anything either. But fortunately, there is this incorporation by reference. So, if you look at Fig. 4 and you look at Fig. 6, you can see graphically and visually what joined between means. And it does mean between. It doesn't mean outside of. It means between. And there's no teaching in this patent that joined between can mean as in the accused bag. Joined outside of, joined an inch laterally thereof. No, joined between, the only teaching in this patent, does mean right between. Did you have anything further? That's, gentlemen, that's all I have. Thank you. Very good. Mr. Nelson. Regarding the fabric panel and the testimony by Mr. Paratu, who talked about flexible fabric panel, there was some statement that we cut the bag and demonstrated the flexible fabric panel. Their expert cut the bag. Their expert prepared the exhibit, in essence. Their expert testified that that is a flexible fabric panel. It was flexible before the reinforcing element was inserted, and it remained flexible afterwards. And Claim 26 does not, on its base, just looking at the claim itself, is not limited to the exclusion of the requirement that it must be a, I'm sorry, Claim 27 adds the element, the claim differentiation situation that you commented on. The application of the law in this case, we believe, is from the Phillips case, which you wrote, Judge Bryson, in determining how to analyze claim language. And in this case, there's no statement, no file history statement, nothing in the specification that limits the claim in the way the judge did in this case, as a matter of law, saying it cannot go beyond the interval, beyond the panel. Just like this tabletop extends between the table legs, but it also extends beyond those legs. And with respect to a flexible fabric panel, if I have a glove made out of fabric, it's flexible. If I put my hand on it, in it, or if I stick it on the hand of a mannequin, it's still a flexible fabric covered over a reinforcing element. And that's what we have. Can I ask you a question as to the status of the case? This is up on preliminary injunction appeal. Yes. Has the case continued, or has it stayed pending the disposition of this appeal? It's a mixed blessing. The case is scheduled for trial on two issues on, I believe it's February 5th, enforceability and validity. It is not scheduled for any trial with respect to infringement as of this date. And frankly, I'm not confident that the court fully appreciates that the definition of terms is applicable with respect to all the other issues. In other words, the definition of terms applies when you're analyzing enforceability, validity, as well as infringement. This challenge is on the basis of infringement. And frankly, there are four key features in the preliminary injunction motion. The only one that was addressed by the court was the issue of likelihood of success on infringement. Now, have motions for summary judgment on infringement been filed? Yes. But not acted on? I don't believe they've been acted on. Okay, one other question. Has there been a claim of, on the Claim 26, the bags that come within the purview, or don't, of Claim 26? Have you asserted the doctrine of equivalence with respect to that? We have reserved the doctrine of equivalence. The judge, in her opinion, relating to the preliminary injunction motion, appears to have foreclosed that, which, since it wasn't briefed that much, but she appears to impose a prohibition against the application of the doctrine of equivalence in her preliminary injunction determination, which we disagree with. But, since that, oh, I'm sorry, the summary judgment, I apologize. I wondered. I didn't see anything, so I was kind of... No, I apologize. It was in the summary judgment? The summary judgment motions were acted on. Oh, they were. And she granted summary judgment, I assume, of non-infringement. That is correct. And I believe that she indicated that the doctrine of equivalence was inapplicable. That is mine. All right. But that obviously couldn't be appealed at this stage. The preliminary injunction could be. Okay. Thank you very much. Thank you. Thanks to both counsel. The case is submitted.